[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO REARGUE DATED JUNE 23, 2000
On May 25, 2000, this court transferred the above captioned matter to the Judicial District of Hartford, which had previously entered orders in the file, as the proper venue to hear disputes between the deceased maternal grandparents and the father and adoptive mother of two minor children. The court also held that the grandparents had standing to be heard regarding their previously granted visitation rights.
Little more that one week after the court's decision, on June 5, 2000, the United States Supreme Court decided the well publicized case ofTroxel v. Grandville, 530 U.S. ___ (2000). The defendants now advance the CT Page 8614 argument that Troxel "does not permit the State of Connecticut to interfere in the visitation decisions of the parents in this case. The court does not agree.
Troxel did not hold that non parental visitation statutes violate the Due Process clause as a per se matter. Indeed, the Supreme Court stated that "as applied" the Washington statute was unconstitutional. Therefore, Castagno v. Wholean, 239 Conn. 336 (1996) is still controlling.
This decision should not be construed as a sweeping endorsement of our third party visitation statute, Conn. Gen. Stat. Sec. 46b-59. Clearly, its application must be tempered by both Troxel and Castagno. It is not for this court to determine the extent of visitation rights for the plaintiffs, or if any visitation rights at all should be granted. Those issues should be decided in the Hartford Judicial District where the matter was first brought.
CUTSUMPAS, J.